981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Willie MACK, Jr., Defendant-Appellant.
 No. 92-5461.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 16, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CR-91-167-R)
 Bruce Elliot Welch, Roanoke, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 Affirmed.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Willie Mack was convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g) (West Supp. 1992). Pursuant to Fed. R. Crim. P. 33, Mack submitted a motion for new trial alleging newly discovered evidence of ineffective assistance of counsel. The district court denied the motion, and we affirm.
 
 
 2
 A district court's denial of a motion for new trial will not be set aside absent an abuse of discretion. United States v. Lopez-Escobar, 920 F.2d 1241, 1246 (5th Cir. 1991). Mack was convicted based upon weapons found in his home during a search executed by state police pursuant to a search warrant. On appeal, Mack asserts that his first[1] attorney failed to interview"the officer who obtained the search warrant or to investigate the probability of the affidavit [filed in support of the search warrant] being based on false information." However, on this record, Mack's claim relies solely on unsupported allegations. He provides no evidence to support his contention and no indication that the information he obtained was newly discovered. Thus, the district court did not abuse its discretion in denying his Rule 33 motion.[2]
 
 
 3
 In conclusion, we affirm the district court's denial of Mack's motion for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 It appears from the record that Mack's current attorney took over the case just prior to the sentencing hearing
 
 
 [2]
 This opinion does not prejudice Mack's ability to file a 28 U.S.C. § 2255 (1988) motion to fully develop his claim of ineffective assistance of counsel. See generally United v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991) (ineffective assistance of counsel claims are more appropriately raised in a collateral attack where sufficient record can be developed)