983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Everad HENRY, Defendant-Appellant.
 No. 92-5368.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 14, 1992
Decided: January 12, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-91-370-JFM)
 Paul Victor Jorgensen, Middletown, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, James R. Alsup, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 Affirmed.
 Before RUSSELL, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Everad Henry appeals from his conviction and 135-month sentence for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1988).* Henry entered a guilty plea to the charge pursuant to a plea agreement. Because we find that the court substantially complied with the requirements of Fed. R. Crim. P. 11, we affirm Henry's conviction and sentence.
 
 
 2
 Henry asserts in this appeal that his conviction should be reversed because the court did not explicitly inform him that he had a "right to plead not guilty or to persist in that plea if it has already been made." See Fed. R. Crim. P. 11(c)(3). He does not allege that the court did not comply with Rule 11 in any other respect. In reviewing the adequacy of compliance with Rule 11, this Court"should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1991). Any Rule 11 violations should be evaluated under a harmless error standard. Id. at 117. This Court may vacate a conviction made pursuant to a guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. Id.
 
 
 3
 Though the district court did not state verbatim the words of Rule 11(c)(3), the Court made it clear that Henry waived his right to proceed with a trial by jury or judge when he entered his guilty plea. The Court also thoroughly explained the rights that accompanied a trial, including the rights to counsel, to subpoena witnesses, to crossexamine witnesses, and to testify or not in his own defense. The transcript of the Rule 11 plea colloquy discloses that Henry was thoroughly informed of all of his options (including the right to proceed with a trial by jury or judge) and that he was capable of understanding what the court stated. Thus, Henry had ample notice of his right to plead guilty or not.
 
 
 4
 Accordingly, because the court's omission of the precise words of Fed. R. Crim. P. 11(c)(3) did not affect any substantial right, we will disregard such variance from the rule. Fed. R. Crim. P. 11(h). Since the district court adequately followed Rule 11 and since its one omission did not affect any substantial right, we affirm Henry's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Henry's sentence included a five-year term of supervised release