8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William GIVENS, a/k/a Danny Wilson, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Anthony Walter Williams, Defendant-Appellant.
 Nos. 91-5750, 91-5751.
 United States Court of Appeals,
Fourth Circuit.
 Appeals from the United States District Court for the Southern District of West Virginia, at Charleston.
Submitted: September 30, 1993.
Argued: April 2, 1993.
Decided: October 21, 1993.
 
 Robert F. Cohen, Jr., Cohen, Abate & Cohen, Fairmont, West Virginia, for Appellant Williams.
 Michael Lee Keller, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 Nelson R. Bickley, Jr., Bickley, Jacobs & Barkus, Charleston, West Virginia, for Appellant Givens.
 Michael W. Carey, United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before RUSSELL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Anthony Walter Williams and William Givens each were convicted of one count of conspiracy to distribute cocaine base and two counts of distribution of cocaine base. On appeal, Williams claims that the district court erred in admitting evidence seized from him at the time of his arrest. Williams also contends that his trial counsel was ineffective for failing to move for suppression of that evidence. Givens asserts that the district court erred when it did not give him a two-point reduction under the Sentencing Guidelines for what he claims was a minor role in the offenses. Finding no error, we affirm.
 
 
 2
 * In January 1990, police officers in Charleston, West Virginia, learned that a fugitive, Matthew Bey, was staying in an apartment in Charleston. Officers raided the apartment, which was occupied by several men, including defendant Givens. During the raid, officers learned that Bey had delegated his responsibilities as head of a crack distribution ring to defendant Anthony Williams.
 
 
 3
 On January 24, 1990, a paid informant completed two controlled buys of crack from Larry Williams, a member of the gang. Officers subsequently obtained an arrest warrant for Larry Williams. On January 26, acting on a tip that a Larry Williams was staying at a motel in Dunbar, West Virginia, officers went to the motel to execute the warrant. None of the officers at the motel at that point had ever actually seen Larry Williams.
 
 
 4
 Officers knocked on the door of the room registered to Larry Williams. The black male who opened the door identified himself as Larry Williams. Officers immediately arrested him. A search incident to the arrest yielded, among other things, $1900 in currency* and a temporary driver's license issued to Larry James Williams. The suspect, whom officers believed to be Larry Williams, signed a consent to search the room in the name of Anthony Williams. The suspect began asserting that he was not Larry Williams and subsequently identified himself variously as Christopher Robinson, Walter Williams, and Anthony Williams. In fact, the suspect was the defendant, Anthony Williams.
 
 
 5
 Williams moved to suppress evidence seized during the search. The motion was dropped prior to trial, but renewed and denied during trial. The jury convicted both defendants, who now appeal.
 
 II
 
 6
 Williams first claims that the district court erred in refusing to suppress evidence, including money and crack, seized during the search of the motel room. A related claim is that trial counsel was ineffective because of his withdrawal and subsequent renewal of the suppression motion.
 
 
 7
 Under the facts of this case, there was no fourth amendment violation when officers, who had a valid arrest warrant for Larry Williams, arrested Anthony Williams and subsequently searched both Williams and his motel room. We note that Anthony Williams initially told officers that he was Larry Williams and that Anthony Williams had on his person a temporary driver's license issued to Larry Williams. Under these circumstances, we conclude that the arrest of Anthony Williams upon the mistaken belief that he was Larry Williams, for whom officers had a valid arrest warrant, was reasonable and made in good faith. See Hill v. California, 401 U.S. 797, 802-804 (1971); United States v. McEachern, 675 F.2d 618, 621 (4th Cir. 1982).
 
 
 8
 Williams' related claim that counsel was ineffective for his handling of the suppression motion is at best premature. We discern nothing on the face of the record to suggest ineffective assistance relative to counsel's performance with respect to the suppression issue. Ordinarily, unless error appears on the face of the record, appellate courts do not address claims of incompetent trial counsel on direct appeal. Instead, such claims are best left for consideration in a 28 U.S.C. § 2255 (1988) motion. In a collateral proceeding, it is possible to develop the reasons for tactical decisions like those at issue here. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992); United States v. Tatum, 943 F.2d 370, 379 (4th Cir. 1991). We accordingly decline to address the issue in this direct appeal.
 
 III
 
 9
 Givens claims that he was entitled to a two-point reduction under the guidelines because his role in the offenses was minor. Like the district court, we disagree with Givens' assertion. Although Givens best may be characterized as a runner for the Williams organization, there was evidence that his participation was more than minor. For instance, there was evidence that Givens distributed cocaine for Anthony Williams and turned over to Williams the proceeds of those sales. Further, there was testimony that members of the gang often met at a particular bar at 4 p.m. to discuss the business. Givens was a regular participant in those meetings. Under these circumstances, we cannot say that the district court clearly erred in accepting the finding in the presentence report that Givens was not entitled to a two-point reduction for a minor role. See United States v. Campbell, 935 F.2d 39, 46 (4th Cir.), cert. denied, 60 U.S.L.W. 3309 (U.S. 1991); United States Sentencing Commission, Guidelines Manual, § 3B1.2(b) (Nov. 1991).
 
 IV
 
 10
 We accordingly affirm the sentence of William Givens in No. 915750 and the conviction of Anthony Williams in No. 91-5751.
 
 AFFIRMED
 
 
 *
 Some of the currency proved to be a portion of that used in the controlled buys from Larry Williams on January 24