28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cesar Ruben CABALLERO, Jr., a/k/a Cesar Ruben Cabellero,
Jr., Defendant-Appellant.
 No. 93-5411.
 United States Court of Appeals, Fourth Circuit.
 Argued April 14, 1994.
Decided June 9, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-92-200-N).
 Allan Donald Zaleski, Weisberg & Zaleski, Norfolk, VA, for appellant.
 William David Muhr, Sp. Asst. U.S. Atty., Norfolk, VA, for appellee.
 Helen F. Fahey, U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and WILLIAMS, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Cesar Caballero appeals his conviction and sentence based on three related drug offenses.[1] Concluding that the District Judge committed no reversible error, we affirm.
 
 
 2
 * Caballero raises six issues on appeal: (1)the District Court erred by admitting into evidence statements of a government informant, (2)the District Court erred by admitting into evidence certain statements of Detective Franklin Chappell over his counsel's objection, (3)the District Court erred by admitting into evidence certain testimony not objected to by his counsel, (4)his appointed trial counsel was ineffective, (5)the District Court erred in enhancing his offense level by finding that he was a leader or organizer, and (6)the District Court erred in refusing to give a downward departure because two drug sales were made at the request of an undercover officer.
 
 
 3
 We review a District Court's decision to admit contested evidence under the abuse of discretion standard of review. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir.1993), cert. denied, 114 S.Ct. 1374 (1994). With respect to the admission of uncontested evidence, we review the decision of the District Court only for plain error. United States v. Brewer, 1 F.3d 1430, 1434 (4th Cir.1993). Finally, we review a District Court's factual findings relating to sentencing under the clearly erroneous standard of review. United States v. Hicks, 948 F.2d 877, 881 (4th Cir.1991); United States v. Sheffer, 896 F.2d 842, 846 (4th Cir.), cert. denied, 498 U.S. 968 (1990); United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir.1989).
 
 II
 
 4
 * In his first assignment of error, the appellant claims that the District Court committed reversible error when it admitted statements made by a government informant who did not testify. At trial, the government sought to have four audio tapes admitted into evidence. Three of the tapes were of telephone conversations between the appellant and Tony Bernal, the government informant. The fourth tape was of a conversation between the appellant, Bernal, and Detective Chappell. The government issued a subpoena for Bernal and purchased an airplane ticket for him so that he could travel to the trial. Despite these measures, Bernal failed to appear at trial.
 
 
 5
 The appellant's attorney objected to the admission of the tapes into evidence on the basis of hearsay. Joint Appendix ("JA") at p. 10. The government responded that Mr. Bernal's statements were not being offered for their truth and were therefore admissible. JA at p. 11.[2] Eventually, the District Judge decided that he would allow the tapes to be played after giving curative statements to the jury. JA at p. 20. The District Judge gave the jury curative instructions before the trial started and before the first tape was played. JA at pp. 24-26 and 61-63. At the close of the government's case, the defense moved for a mistrial. JA at p. 147.[3] The District Court denied this motion because of the curative instructions and because Bernal "didn't say anything that made much difference." JA at p. 148.
 
 
 6
 Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." It is clear from the transcript that the trial judge did not admit Bernal's statements for the "truth of the matter asserted;" instead, Bernal's statements were simply admitted to enable the jury to understand the appellant's statements in their proper context. In addition, the District Judge cautioned the jury twice concerning Bernal's statements. Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987) (jury will presumably obey instruction to disregard inadvertently-presented inadmissible evidence unless "overwhelming probability" that jury cannot follow instruction and "strong likelihood" that evidence would be "devastating" to defendant). Therefore, we find that Bernal's statements were not hearsay and that the trial court did not abuse its discretion by admitting them into evidence.
 
 B
 
 7
 The appellant also contends that the District Court erred by admitting into evidence three statements by Detective Chappell: (1) that the word "paper" in the taped conversations meant money, (2) that the appellant used code words to deceive anyone who might be intercepting his conversations, and (3) that Linda Caballero, the appellant's mother, had stated that "business in California was doing well." JA at p. 78.
 
 
 8
 Over the objection of the appellant, Detective Chappell stated that based upon his experience with this particular drug operation the word "paper" meant "money or currency." JA at pp. 68-69. It is clear from the transcript that Detective Chappell was testifying from personal knowledge acquired while he was posing as a member of the drug operation. As such, it was not an abuse of discretion to allow this testimony into evidence.
 
 
 9
 Detective Chappell was also asked "[h]as it been your experience as a narcotics officer that people, when they are talking about things like drugs, that they tend to use evasive words, making say so-called code words?" Detective Chappell responded that such evasive words are often used by members of a drug organization. JA at p. 69. We find that the appellant failed to object to this question and answer; therefore, we will review the admission only for plain error. Detective Chappell answered the question based upon his experience as a nar cotics officer, which included being an undercover member of the appellant's drug operation. As such, we find that the admission of this evidence was not plain error.
 
 
 10
 Finally, Detective Chappell was allowed to testify that "Ms. Caballero informed me that the business in California was doing well." The defense objected to the admission of this evidence, which was overruled by the trial court. JA at pp. 77-78. Federal Rule of Evidence 801(d)(2)(E) states that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. Based on a review of the trial transcript, we find that there was sufficient evidence for the jury to find that Linda Caballero was a coconspirator with the appellant. As such, it was not an abuse of discretion to allow Detective Chappell to testify as to the statement of Linda Caballero.
 
 C
 
 11
 In his third assignment of error, the appellant contends that the trial court erred in admitting three statements into evidence: (1)Detective George Conners' statement that a package sent by the appellant contained narcotics because a drug dog "hit" on it, (2)Detective Chappell's statement that Linda Caballero came to Norfolk to pick up money for her son, and (3)Detective Chappell's statement concerning how Linda Caballero told him to package the money. The defense did not object to these statements; therefore, we review their admission only for plain error.
 
 
 12
 Detective Conners testified that the drug dog "hit on the box containing narcotics" and that based upon this evidence he was able to obtain a search warrant for the box. JA at p. 36. This statement provided the jury an understanding of the events leading up to the issuance of the search warrant. Also, Detective Conners later told the jury that the box contained 35 pounds of marijuana. JA at p. 37. Therefore, even if the statement concerning the drug dog had been excluded, the jury still would have been told that the box contained narcotics. As such, we find that it was not plain error to allow Detective Conners' statement into evidence.
 
 
 13
 The appellant contends that it was plain error to admit two statements made by Detective Chappell. First, Chappell stated that Linda Caballero was in Norfolk to pick up money for the appellant. JA at p. 76. Second, Chappell stated that Linda Caballero told him to wrap the money in cellophane to avoid detection by drug dogs. JA at p. 86. The transcript indicates that Linda Caballero was the source of these two statements. JA at pp. 76 and 86. As discussed supra, the statements of Linda Caballero were admissible because she was a coconspirator with the appellant. Therefore, it was not plain error to admit these two statements into evidence.
 
 D
 
 14
 In his fourth issue on appeal, the appellant states that his trial counsel was ineffective. Unless counsel's ineffectiveness conclusively appears in the record, a claim that trial counsel was ineffective is inappropriate on direct appeal. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 112 S.Ct. 1703 (1992). Instead, the issue should be raised collaterally through a motion pursuant to 28 U.S.C. Sec. 2255 (1988). Requiring the issue of the effectiveness of counsel to be litigated in a collateral proceeding allows the appellant the opportunity to develop an adequate record and provides the trial counsel an opportunity to explain his representation. Such a record is necessary to provide a reasoned judgment with respect to the effectiveness of trial counsel's performance. Id. Because no exceptional circumstances are present here, this Court will not now undertake a review of the appellant's claim of ineffective assistance of counsel.
 
 E
 
 15
 The appellant contends that the District Court erred by enhancing his offense level by finding him to be a leader or organizer of a criminal activity involving five or more participants. See Guidelines Manual, Sec. 3B1.1(a) (Nov.1993). The Sentencing Guidelines defines a participant as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. Sec. 3B1.1, comment (n.1). We find that the record discloses at least five participants. The appellant himself is counted. United States v. Fells, 920 F.2d 1179, 1182 (4th Cir.1990), cert. denied 111 S.Ct. 2831 (1991). The record supports the conclusion that Linda Caballero, Bernal, and the appellant's sister were all participants. Also, there was at least one accomplice in California, who shipped the marijuana to the appellant while he was in Norfolk. Therefore, the District Court's finding of fact that these five persons were participants was not clearly erroneous.
 
 
 16
 The appellant contends that he was not a leader or organizer of the organization. The commentary to U.S.S.G. Sec. 3B1.1 describes factors to consider when determining whether an individual played an organizing or leadership role. These factors include:
 
 
 17
 [t]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, and the degree of control and authority exercised over others.
 
 
 18
 U.S.S.G. Sec. 3B1.1, comment, (n.4). The record supports a finding that the appellant engaged in the type of conduct described in this comment.[4] Therefore, it was not clearly erroneous for the District Judge to find that the appellant was a leader or organizer of an organization consisting of five or more participants.
 
 F
 
 19
 In his final assignment of error, the appellant alleges that the District Court erred in failing to give him a downward departure because the final two shipments of marijuana were requested by Detective Chappell. Specifically, the appellant contends that the government violated his due process rights by entrapping him into distributing marijuana solely for the purpose of enhancing his sentence. There was a total of three shipments of marijuana sent by the appellant. The first shipment, which weighed 35 pounds, was sent to Bernal before the police became involved. JA at pp. 34-35. This first shipment demonstrates the appellant's predisposition to distribute marijuana. The second shipment, which was supposed to be at least one hundred pounds, was arranged by Detective Chappell and Bernal through Linda Caballero. The actual shipment was only forty pounds. JA at pp. 78-79. The third package was sent after Detective Chappell expressed concern to the appellant that the second package was only 40 pounds. The third package contained 50 pounds of marijuana. JA at pp. 79-80, 88-89. Since the appellant was clearly predisposed to distribute the marijuana, as indicated both by his actual distribution and his frequent boasts of greater quantities available upon request, his "sentencing entrapment" argument must fail. United States v. Jones, No. 93-5320, 1994 U.S. Lexis 3,881, at * 22-26 (4th Cir. Mar. 2, 1994) (slip op.). Also, after reviewing the record, we find that the government's actions in requesting the final two shipments did not violate fundamental principles of due process. United States v. Russell, 411 U.S. 423 (1973); Hampton v. United States, 425 U.S. 484 (1975). As such, the District Judge was not clearly erroneous in refusing to exclude the amount of marijuana contained in the last two shipments for the purposes of determining the base offense level.
 
 III
 
 20
 For the reasons stated herein, the judgment of the District Court is
 
 
 21
 AFFIRMED.
 
 
 22
 WIDENER, Circuit Judge, concurring and dissenting:
 
 
 23
 I concur in all of the opinion except the result and Part II-A thereof. I think the evidence as shown by the tapes was incompetent because Bernal did not show up to identify the speakers thereupon.
 
 
 24
 I would remand for a new trial.
 
 
 
 [1]
 After a two-day trial, a jury found Caballero guilty of one count of conspiracy to distribute marijuana and two counts of distribution of marijuana. The District Judge sentenced Caballero to 84 months for the conspiracy count and 60 months for each distribution count. The two 60 month sentences are to run concurrently with the 84 month sentence
 
 
 [2]
 The government stated that it was not trying to have Bernal's statements admitted under the hearsay exception dealing with coconspirators' statements. JA at p. 11
 
 
 [3]
 The defense rested without presenting any evidence
 
 
 [4]
 The following are examples of the appellant's leadership role in the organization: he sent his mother to Norfolk to collect money owed to him and instructed her how to wrap the money to avoid detection by drug dogs (JA at p. 76 and 86); he directed his sister to stay home to receive money sent to him (JA at p. 85 and 88); and he indicated that he could make a phone call and have one hundred and thirty pounds of marijuana sent from California (JA at p. 244)