**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 96-4880

ROBERT EARL HARRIS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-96-20)

Submitted: January 6, 1998

Decided: February 23, 1998

Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Steven F. Reich, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant. Helen
F. Fahey, United States Attorney, Timothy R. Murphy, Special Assis-
tant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Earl Harris appeals his conviction after a jury trial for one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846 (1994), and seven counts of distribution of cocaine in violation of 21 U.S.C.§ 841(a)(1) (1994). Harris alleges ineffective assistance of counsel and also claims that the district court erred in sentencing him. Because we find that the record does not conclusively show ineffective assistance of counsel and because we conclude that the district court did not commit plain error in sentencing Harris, we affirm.

First, Harris claims that his rights under the Sixth Amendment were denied by his counsel's performance at trial and sentencing. Specifically, Harris asserts that his counsel's failure to cross-examine Government witnesses on their plea agreements, failure to challenge the drug quantity calculations in the presentence report, and failure to ask the court to make specific findings of fact regarding the amount of drugs attributable to Harris amounted to ineffective assistance of counsel. Harris contends that his counsel's actions actually prejudiced him because, as a result, the sentencing court concluded that more than 500 grams of cocaine were attributable to him and therefore sentenced him to a mandatory sentence of ten years' imprisonment. We find that ineffective assistance of counsel does not plainly appear on the face of the record, and therefore we decline to address the claims. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991) (finding that ineffective assistance claims are generally not cognizable on direct appeal and are more properly brought in motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997)).

Additionally, Harris contends that the district court erred by failing to specifically state on the record the basis for its findings of fact regarding the amount of drugs attributable to Harris. Because Harris did not object to the sentencing court's calculation of the drug quantity attributable to him, we review the record for plain error. United States v. Ford, 88 F.3d 1350, 1355 (4th Cir.), cert. denied, 65 U.S.L.W. 3369 (U.S. Nov. 18, 1996) (No. 96-6379). A review of the record reveals that the district court based its findings of fact regard-

2

ing the exact amount of drugs attributable to Harris on the evidence presented at trial and on the calculations found in the presentence report, and we determine that the district court did not plainly err in sentencing Harris. See United States v. Olano , 507 U.S. 725, 734-35 (1993).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3