**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5105

MALIK RASHID,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5129

WALTER LITTLE, JR.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5130

SANDRA GAMBLE MORRISON,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Williams, Senior District Judge, sitting by designation.
(CR-92-270-MU)

Submitted: February 27, 1998

Decided: March 26, 1998

Before NIEMEYER and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Claire J. Rauscher, Charlotte, North Carolina; James H. Wade, Charlotte, North Carolina; Randolph M. Lee, Charlotte, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, Robert J. Higdon, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Defendants Malik Rashid, Walter Little, Jr., and Sandra Morrison were convicted by a jury of conspiracy to possess with intent to distribute and to distribute heroin under 21 U.S.C.§ 846 (1994). On appeal, Rashid alleges ineffective assistance of counsel; Little and Morrison allege that the district court erred because it failed to grant them a continuance on the grounds that two of their witnesses had not been produced for trial. For the reasons that follow, we affirm.

Criminal defendants have a right to effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 684-85 (1984). Unless it conclusively appears from the record that defense counsel did not provide effective representation, however, a claim of ineffective assistance of counsel should be first raised in a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). See United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). The issue of ineffective assistance is more properly raised in a § 2255 proceeding where the petitioner may establish an adequate record for resolution of the issue, including a statement from trial counsel to explain the reasons surrounding the

2

action or inaction he took to which petitioner objects. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Generally "[w]ithout such a full record . . . `it is impossible to make a reasoned judgment as to whether or not representation was ineffectual.'" Id. (quoting United States v. Lurz, 666 F.2d 69, 78 (4th Cir. 1981)).

Rashid argues that because his Presentence Report revealed a history of mental problems and because Rashid sought to represent himself, his counsel was ineffective for failing to order a competency hearing or other mental health evaluation. As noted by the Government, however, his last record of mental health problems was in 1981. We do not find that the current record conclusively shows that trial counsel failed to effectively represent Rashid and therefore deny this claim on direct appeal. See DeFusco, 949 F.2d at 120-21.

District courts are granted broad discretion in determining whether a continuance should be granted. See Morris v. Slappy, 461 U.S. 1, 11-12 (1983). We review the failure to grant a continuance for an abuse of discretion. See United States v. Hoyte , 51 F.3d 1239, 1245 (4th Cir. 1995). To prevail "defendants must show the denial prejudiced their case." Id.; see also United States v. Myers, 66 F.3d 1364, 1369-70 (4th Cir. 1995) (defining abuse of discretion for denying a continuance due to limited time for attorney preparation as "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay'" (quoting Morris, 461 U.S. at 11-12)).

The facts reveal that Little and Morrison sought a continuance of their case on the morning of trial because two witnesses were not present, even though the trial court had previously granted their motion to have the witnesses produced at trial. The trial judge denied the Defendants' motion for a continuance and ordered the United States Marshal to have the witnesses present for trial.[1] Little and Morrison allege that their defense was prejudiced because their continuance was denied.

We do not find that Little and Morrison have shown that the district court's denial of their continuance motion prejudiced their case. First,

_____

[1] The witnesses apparently were in federal custody.

3

as noted by the Government, although the Defendants presented no evidence at trial, they failed to allege that that decision was based upon the lack any necessary witnesses--or whether the witnesses they sought were actually available at trial. Second, as noted in Little and Morrison's brief filed on appeal, one of the witnesses, Tonya Sloan, did testify for the Government and therefore was present in the court-room to testify on behalf of the Defendants, if called. Finally, Little and Morrison have failed to allege how they were prejudiced by the trial court's denial of their motion to continue, except to note that their previous trial ended in a mistrial due to a hung jury.[2] Under these circumstances, we do not find that Morrison and Little have met their burden to show prejudice. See Hoyte, 51 F.3d at 1245.

Accordingly, we affirm the convictions of Rashid, Little, and Morrison. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[2] They were previously tried with other defendants in July 1993.

4