**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 98-4044

FREDDIE LEE WALKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-76-MU)

Submitted: September 8, 1998

Decided: August 3, 1999

Before NIEMEYER and WILLIAMS, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Brian L. Whisler, Assis-
tant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Freddie Lee Walker appeals his conviction for conspiracy to commit bank fraud and possession of counterfeit securities, in violation of 18 U.S.C. § 371 (1994), and bank fraud and aiding and abetting the same in violation of 18 U.S.C. §§ 1344 & 2 (1994), and uttering and possessing forged and fraudulent securities, and aiding and abetting the same, in violation of 18 U.S.C. §§ 513(a) & 2 (1994). Walker alleges that the magistrate judge erred in failing to inquire into attorney-client discussions conducted the night before the plea hearing in violation of Fed. R. Crim. P. 11. Finding no error, we affirm.

On April 3, 1997, Walker appeared before a magistrate judge to enter his guilty plea. The court continued the hearing until the next day to permit the parties to clarify the terms of Walker's plea, made without the benefit of a written plea agreement. On April 4, 1997, Walker returned to court to enter his plea and engage in the Rule 11 colloquy. At the beginning of the hearing, defense counsel stated, "Mr. Walker's is a straight-up plea, Your Honor. We've had some side-bars [sic] last night and we got the matter ironed out, so it will be a straight up plea." Walker's contention is that the magistrate judge violated Rule 11 by failing to make a detailed inquiry into the discussion he had with his defense counsel.

Walker contends that the court improperly conducted the Rule 11 hearing in accepting his guilty plea. "In reviewing the adequacy of compliance with Rule 11, this court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco , 949 F.2d 114, 116 (4th Cir. 1991). Rule 11 violations are evaluated under the harmless error standard. See id. at 117. As a result, this court may vacate a conviction resulting from a guilty plea "only if the trial court's violations of Rule 11 affected the defendant's substantial rights." Id.

The magistrate judge conducted a thorough hearing, ensuring that Walker understood the rights that he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, the impact of the sen-

2

tencing guidelines, and the effect of the plea agreement. Further, the court ascertained that Walker's plea was voluntary and that a factual basis existed for his plea. We find that the magistrate judge fully complied with Rule 11 and that this claim is without merit. See id. at 116-17.

Further, there is no case law to support Walker's claim that a court should always inquire into attorney-client discussions at a Rule 11 hearing. In addition, Walker fails to specify how his substantial rights under Rule 11 were affected by the magistrate judge's failure to inquire into the matter. Walker's speculation that "possibly, the plea of guilt was taken in contravention of Rule 11" is insufficient to support his claim. We therefore affirm the judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3