**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Allen DeFUSCO, a/k/a David Allen Hagen, Defendant–Appellant.**

No. 90–4119
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 17, 1991.

Rehearing and Rehearing En Banc
Denied May 14, 1991.

David Allen DeFusco, Sheridan, Or., pro se.

Paul E. Naman, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Beaumont, Tex., for U.S.

Before POLITZ, DAVIS and BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:

Convicted on guilty pleas of conspiracy to commit mail fraud and of mail fraud, 18 U.S.C. §§ 371, 1341, David Allen DeFusco a/k/a David Allen Hagen appeals, claiming that his indictment was faulty, his plea invalid, and his counsel ineffective. Finding no error, we affirm.

## Background

From the fall of 1987 until the summer of 1988 Freedom Financial Corporation, a Texas corporation which sold time-share properties in Texas and Missouri, mailed letters to millions of prospective customers, promising extraordinary prizes and "gifts" to recipients visiting the advertised properties. The mailings were of differing types; many were mailed from Washington, D.C., and bore official-looking, but fictitious, emblems and return addresses including the "Bureau of Adjustment, United States of America," from whom a "summons" issued to come forth and claim a prize. Other mailings were in the form of warrants of appearance, deeds of trust, notices of audit, collection notices, and certificates of disbursement. One series had an IRS Form 1099, Miscellaneous Income, precompleted as if the recipient were already the winner of $7,500. Another series, styled U.S. Express, stated that either the recipient or one other named person, Linda Powell, was the guaranteed winner of a prize. These letters were posted *after* notification to Ms. Powell that she had won. DeFusco conceded that the U.S. Express "contest" was fraudulent.

The promised prizes included automobiles, large sums of cash, gold bullion, televisions, and fur coats. The letters falsely stated that the recipient was the winner of one or more prizes; the "lucky" recipients discovered upon arrival at the time-share property that they had in fact won only the right to receive, for approximately $100 postage and handling expenses, a moderately-valued watch or home entertainment system.

DeFusco,[1] who did business through several corporations,[2] was the designer, publisher, and administrator of the mailing operation. The fine print on the mailings identified his various corporations as the marketing agents.

Indicted for one count of conspiracy and seven substantive counts, DeFusco entered into a plea agreement which provided that he would plead guilty to the conspiracy and one substantive count, and the other counts would be dismissed. He was sentenced to two concurrent 60-month periods of incarceration, 40 months of which are to be served consecutive to a sentence imposed by the Eastern District of Virginia for unrelated bankruptcy fraud and money laundering offenses. DeFusco timely appealed.[3]

## Analysis

On appeal, DeFusco first contends that his indictment failed to state the elements of an offense. Essentially he contends that he neither conspired to defraud nor defrauded any individual of money or property. He relies heavily on the Supreme Court's holding in *McNally v. United*

---

**1.** In addition to David DeFusco, his wife Annette Louise DeFusco was originally indicted. That indictment was dismissed on motion of the United States Attorney. DeFusco's given name apparently is Hagen, but he went by DeFusco at all times relevant to this case.

**2.** These names were all registered with the Virginia Secretary of State, and included: U.S. Graphics & Mail Limited; Lead Marketing, Inc.; Leadco; Bureau of Adjustment; Publisher's Digest of America; Division of Adjustments & Disbursements; Royal Commonwealth Services; Lasergram; Western Express; U.S. Express; Radiogram; and Equity Services Group.

**3.** Four motions are also before this court. First, DeFusco moves for expedited hearing of this appeal and for release on bail pending appeal. Our decision today moots both requests.

Second, the United States moves for permission to file a Supplemental Brief in response to the Reply Brief submitted by DeFusco's counsel, whom he retained subsequent to filing his initial *pro se* brief. We grant this motion despite the government's tardiness.

Finally, Robert I. Feldman, an inmate with DeFusco at F.P.C. Sheridan, moves, *ex parte,* to provide this court with extremely urgent information concerning DeFusco, and his culpability for the crimes herein charged. While his offer of help is appreciated, his motion is denied.

*States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987).

 Mail fraud, proscribed by 18 U.S.C. § 1341, has three essential elements: (1) a scheme to defraud, (2) involving a use of the mails, (3) for the purpose of executing the scheme. *United States v. Gordon*, 780 F.2d 1165 (5th Cir.1986). It is uncontested that the scheme met the *Hammerschmidt v. United States*, 265 U.S. 182, 188, 44 S.Ct. 511, 512, 68 L.Ed. 968, 970 (1924), requirement of a "trick, deceit, chicane or overreaching," and that the mails were heavily used. DeFusco argues, however, that there was no scheme to defraud as no victims were deprived of money or property. We do not agree.

In *McNally* the Court reversed the conviction of a former Kentucky official who received money through an extra-governmental enterprise in violation of what the trial court had found to be his fiduciary obligation to serve the public with integrity. The Court held:

> The mail fraud statute clearly protects property rights, but does not refer to the intangible right of the citizenry to good government.... Insofar as the sparse legislative history reveals anything, it indicates that the original impetus behind the mail fraud statute was to protect the people from schemes to deprive them of their money or property.

483 U.S. at 356, 107 S.Ct. at 2879, 97 L.Ed.2d at 299–300. Taking a cue from the *McNally* defendants, DeFusco contends that he took no "money or property" from the recipients of the mailings. He conveniently overlooks critical facts. The persons who traveled to the advertised resorts believing that they were winners did not receive their *quid pro quo*. DeFusco lied. There were no prizes; the money spent for travel expenses was lost. Time was wasted. The participants were defrauded of property. The indictment validly charged the conspiracy and substantive mail fraud offenses.

 DeFusco next contends that his guilty plea allocution was fatally defective because although the substantive count was read and explained in detail the conspiracy count was only generally addressed. The court's discussion of the conspiracy count is not a textbook exemplar; indeed by admission of the government it is "scant," but we cannot say on review of the record that there is an "entire failure" to address any one of the core concerns of a guilty plea hearing, *United States v. Bernal*, 861 F.2d 434 (5th Cir.1988), *cert. denied*, —— U.S. ——, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989), sufficient to reverse the trial court's finding that DeFusco's pleas were informed and voluntary.

 DeFusco maintains that the district court failed to inform him of the minimum and maximum penalties assessable under the Sentencing Guidelines. The court did advise of the statutory maximum for the two offenses. It did not advise of the guideline range. In that there was no error. We do not expect the trial court to be fully apprised of the relevant guideline computations when guilty pleas are accepted.

 DeFusco next contends that the first amendment protected his publishing activities. We agree with our colleagues of the Second Circuit that "[m]isleading commercial speech is beyond the protective reach of the First Amendment." *Vidal Sassoon, Inc. v. Bristol–Myers Company*, 661 F.2d 272, 276 n. 8 (2d Cir.1981) (citation omitted).

 Finally, DeFusco contends that his trial counsel provided grossly ineffective assistance. That issue was not raised before the district court; we will not consider it. *United States v. Higdon*, 832 F.2d 312 (5th Cir.1987), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988).

AFFIRMED.