**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Allen Hagen DeFUSCO,
Defendant–Appellant.
(Two Cases)**

**Nos. 90–5319, 90–6918.**

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1991.

Decided Nov. 12, 1991.

As Amended Nov. 22, 1991.

Laurel M. Nelson–Laduca, Carlsbad, Cal., argued, for defendant-appellant.

Robert C. Chesnut, Asst. U.S. Atty., Alexandria, Va., argued (Henry E. Hudson, U.S. Atty., on brief), for plaintiff-appellee.

Before ERVIN, Chief Judge, HALL, Circuit Judge, and GARBIS, District Judge for the District of Maryland, sitting by designation.

## OPINION

GARBIS, District Judge:

David Allen DeFusco ("DeFusco") appeals from his conviction, obtained by virtue of his guilty plea, for laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and conspiring to conceal assets from a bankruptcy trustee in violation of 18 U.S.C. § 371. DeFusco contends that the district court erred in

accepting his guilty plea. We find DeFusco's contention to be totally devoid of merit, and thus we affirm.

## I.

On September 29, 1989, DeFusco entered into a plea agreement in which he agreed to waive indictment and plead guilty to charges of money laundering, 18 U.S.C. § 1956(a)(1)(A)(i), and conspiracy to defraud a bankruptcy trustee, 18 U.S.C. § 152, § 371. This plea agreement was tied to a separate plea agreement in which DeFusco agreed to plead guilty to mail fraud charges in the Western District of Texas. DeFusco's wife, Annette Louise DeFusco, also entered into an agreement calling for her to plead guilty to money laundering and conspiracy charges in the Eastern District of Virginia. As part of her agreement, Mrs. DeFusco was not charged in the Western District of Texas.

Pursuant to these plea agreements, on October 20, 1989, Mr. and Mrs. DeFusco appeared before the district court in the Eastern District of Virginia which conducted proceedings pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Mr. and Mrs. DeFusco were both represented in the plea proceeding by Marvin Miller, Esquire, and Kent Schaffer, Esquire. The district court accepted the proffered guilty pleas.

On October 31, 1989, DeFusco wrote to the government in an unsuccessful attempt to obtain a reduction in his sentence by providing evidence and assistance to prosecute others. DeFusco acknowledged his guilt in this letter.

On January 12, 1990, DeFusco appeared for sentencing before the district court, represented by Kent Schaffer, Esquire. Once again, DeFusco acknowledged his guilt, but argued unsuccessfully for a downward departure from the guideline range of sentences. The trial court sentenced DeFusco within the guideline range to 60 months in prison.

In early February of 1990, pursuant to his guilty plea to mail fraud charges in the Western District of Texas, DeFusco was sentenced to 60 months in prison, 40 months of which were to run consecutive to the Virginia sentence.

In March of 1990, DeFusco filed a notice of appeal of his Virginia conviction and sentence to this Court. DeFusco also appealed his Texas conviction and sentence to the Fifth Circuit, raising many of the same issues which form the basis of this appeal. The Fifth Circuit rejected his appeal and declined to vacate his plea. *United States v. DeFusco*, 930 F.2d 413, *reh'g denied*, 933 F.2d 1006 (5th Cir.1991), *cert. denied*, ——— U.S. ———, 112 S.Ct. 239, 116 L.Ed.2d 194 (1991).

DeFusco challenges his conviction on several grounds. First, he argues that the trial court inadequately complied with Rule 11 by failing to establish through colloquy that his plea was knowing and voluntary with regard to (1) the nature of the charges; (2) the possible penalties; and (3) whether the plea was coerced or truly voluntary. Second, DeFusco argues that the trial court erred in finding that an adequate factual basis for the plea existed. Third, DeFusco argues that his plea was not knowing or voluntary because of the ineffective assistance of counsel. We will address each issue in turn.

## II.

■ Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty and various rights. Fed.R.Crim.P. 11(c)(1).

■ In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant. "The manner of ensuring that the defendant is properly informed is committed to the good judgment of the district court, to its calculation of the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence." *United States v. Reckmeyer*, 786 F.2d 1216, 1221 (4th Cir.), *cert. denied*, 479 U.S.

850, 107 S.Ct. 177, 93 L.Ed.2d 113 (1986). Moreover, any Rule 11 violations should be evaluated under a harmless error standard. In enacting the 1983 Amendments to Rule 11, Congress directed that a trial court's compliance with the rule be evaluated under the harmless error standard, rather than the per se reversal standard previously created by the Supreme Court in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Under the new Rule 11 standard, which the Advisory Committee observed was meant to overrule *McCarthy*, this Court may vacate the conviction made pursuant to the plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. *See* Fed.R.Crim.P. 11(h) and Advisory Committee's Note to 1983 Amendment.

### A.

DeFusco argues that the trial court erred by failing to explain to him at the Rule 11 hearing the nature of the charges against him, in particular the elements of each offense. DeFusco complains that the trial court merely recited each charge without explaining the true nature of the charge.

■ In explaining the nature of the charges to the defendant, a trial court must take into account both the complexity of the charge and the sophistication of the defendant. *United States v. Lumpkins*, 845 F.2d 1444, 1449 (7th Cir.1988). In so doing, the trial court is given a wide degree of discretion in deciding the best method to inform and ensure the defendant's understanding. The trial court may look at the availability of counsel, and the defendant's personal characteristics, such as age, education, and intelligence. *Id.* at 1448. The court may also examine whether a written plea agreement exists, what its terms are, and whether the defendant has read the agreement. *Reckmeyer*, 786 F.2d at 1222. Although the defendant must receive notice of the true nature of the charge rather than a rote recitation of the elements of the offense, *Henderson v. Morgan*, 426 U.S. 637, 644, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976), the defendant "need not receive this information at the plea hearing itself.

Rather, a guilty plea may be knowingly and intelligently made on the basis of detailed information received on occasions before the plea hearing." *LoConte v. Dugger*, 847 F.2d 745, 751 (11th Cir.), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

■ In this instance, the trial court was aware that DeFusco is a 34 year old, experienced businessman who had two years of college education and a wealth of business experience (including three bankruptcies) from which to draw. The trial court repeatedly informed DeFusco of the nature of the charges on several occasions, including during his preliminary hearing, his plea negotiations, as part of the plea agreement, and again at his sentencing. During the Rule 11 colloquy, the trial court verified DeFusco's education and level of business sophistication. More importantly, the court verified that DeFusco had read both the criminal information and the plea agreement, and reviewed both documents with his attorney. The plea agreement contained a detailed outline of the charges, complete with each element of both offenses and the facts necessary to support each element. Further, during the colloquy, DeFusco stated that he had reviewed the elements of each offense with his attorney along with any potential defenses, and that he felt that he completely understood the nature of the charges against him. Given these facts, we cannot conclude that the trial court abused its discretion in relying on DeFusco's review of the plea agreement and criminal information with his attorney, and his verbal statements in open court that he understood the nature of the charges against him. The trial court fully complied with the dictates of Rule 11 and did not fail to address DeFusco's substantial right to understand the nature of the charges against him. *See DeFusco*, 930 F.2d at 415.

### B.

■ Rule 11(c)(1) requires that the court inform the defendant of any mandatory minimum penalty provided by law for the charged offense.

Counsel for DeFusco, noting that the trial court had not advised DeFusco of any mandatory minimum sentence, devotes a section of her brief to this matter without any reference to a pertinent statutorily mandated minimum sentence. Of course, there is none. Neither statute under which DeFusco was charged contains a mandatory minimum sentence.[1]

While there is no mandatory minimum sentence, there is a sentencing range under the Sentencing Guidelines within which the defendant must be sentenced absent a departure. To the extent that DeFusco is arguing that the low end of the guideline range is equivalent to a "mandatory minimum sentence," he is wrong. The guideline range does not set a mandatory minimum penalty for an offense within the meaning of Rule 11(c)(1). *United States v. Salva*, 902 F.2d 483, 487 (7th Cir.1990).

The Guidelines provide for departures from the applicable sentencing range for numerous reasons. Normally, at the time a defendant would make a guilty plea, there has not been a presentence investigation or Presentence Report. Therefore, the trial court cannot be fully apprised of the relevant guideline computations. *DeFusco*, 930 F.2d at 415. Thus, the court is not in the position to inform the defendant of the sentencing range under the Guidelines at the time the plea is entered.

As stated in *United States v. Henry*, 893 F.2d 46 (3rd Cir.1990):

> The guideline range does not set a mandatory minimum penalty for an offense within the meaning of Fed.R.Crim.P. 11(c)(1), as that rule is concerned with *statutory* minimum and maximum penalties and not with guideline ranges. Furthermore, the bottom of the guideline range does not necessarily place a floor on a sentence since downward departure from the guidelines, though certainly un-

usual, is permitted under 18 U.S.C. § 3553(b), upon an appropriate showing being made.... [A]ny estimate of the guideline range that the district court would give in advance of the pre-sentence report might well turn out to be misleading and could be the basis for a contention that the guilty plea should be invalidated.

*Id.* at 48–49 (emphasis in original). Accordingly, the guideline range need not be calculated and disclosed before a plea is accepted.[2] *United States v. Fernandez*, 877 F.2d 1138, 1143 (2nd Cir.1989). *See also United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir.1990) (court not required to inform defendant of sentencing range prior to accepting guilty plea), *cert. denied*, —— U.S. ——, 111 S.Ct. 1079, 112 L.Ed.2d 1184 (1991), *United States v. Thomas*, 894 F.2d 996, 997 (8th Cir.) (same), *cert. denied*, —— U.S. ——, 110 S.Ct. 1935, 109 L.Ed.2d 298 (1990), *United States v. Turner*, 881 F.2d 684, 687 (9th Cir.) (same), *cert. denied*, 493 U.S. 871, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989).

Our interpretation of Rule 11(c)(1) is buttressed by the 1989 Amendment to the Rule, made after DeFusco's plea. The amendment requires that the district court inform a defendant that the court is required to consider any applicable guidelines, and the possibility of departure. The Rule 11 Advisory Committee's Note to the 1989 Amendment comments that "[s]ince it will be impracticable, if not impossible, to know which guidelines will be relevant prior to the formulation of a presentence report and resolution of disputed facts, the amendment does not require the court to specify which guidelines will be important or which grounds for departure might prove to be significant."

The Court of Appeals for the Seventh Circuit has suggested that the trial court

---

**1.** 18 U.S.C. § 1956(a) (money laundering) provides for a 0 to 20 year sentence, and 18 U.S.C. §§ 152 and 371 (bankruptcy conspiracy) provides for 0 to 5 years.

**2.** We note that the 1989 Amendment to the Rule ensures that the trial court will inform the defendant of the use of the Guidelines which pro-

tects the defendant from surprise. Additionally, we note that in some cases, the sentencing range will be easily ascertainable at the time the plea is offered. The trial court certainly has full discretion to explain the likely sentencing range under the Guidelines to the defendant before accepting the plea. *Fernandez*, 877 F.2d at 1144.

should await the presentence report before accepting a guilty plea, so as to fully explain to the defendant the consequences of his plea under the Guidelines. *Salva*, 902 F.2d at 488 (quoting United States Sentencing Comm'n, *Guidelines Manual* § 6B1.1(c)). *See also* Breyer, *The Federal Sentencing Guidelines and the Key Compromises Upon Which They Rest*, 17 Hofstra L.Rev. 1, 30 n. 144 (1988). This court does not agree and, at least for the present, the Seventh Circuit remains alone in this view.

We hold that Rule 11(c)(1) imposes no requirement that the court determine, and inform, the defendant of the applicable sentencing range under the Guidelines before accepting a guilty plea. *Fernandez*, 877 F.2d at 1143. Under the Guidelines, the maximum sentence will never exceed the maximum provided by statute, nor will the defendant be given less than a statutorily provided minimum. *Turner*, 881 F.2d at 686. So long as the defendant has this information at the time the guilty plea is offered, the dictates of Rule 11 have been met.

### C.

DeFusco next argues that the trial court erred in not ensuring that his plea was voluntary. DeFusco asserts that his plea was in fact involuntary because it was motivated by his desire for his wife to receive leniency, and by his desire to avoid prosecution in other jurisdictions.

Rule 11(d) requires the trial court to ensure that a guilty plea is voluntary, *i.e.,* is not the result of force, threats, or promises made by the government that are not part of the plea agreement. Fed.R.Crim.P. 11(d). To support his claim that the plea was involuntary, DeFusco relies upon the fact that he was promised (and received) consideration for the plea. DeFusco points out first that his wife was in fact given leniency and secondly, that he received the benefit of a promise relating to prosecution in other districts.

■ Initially, we note that DeFusco stated during the Rule 11 colloquy that he had not been coerced or threatened into pleading guilty. Although DeFusco can challenge his statement, it is strong evidence of the voluntariness of his plea. *See Worthen v. Meachum*, 842 F.2d 1179, 1183–84 (10th Cir.1988) (statements constitute a "formidable barrier" to collateral proceedings to vacate the plea), *overruled on other grounds, Coleman v. Thompson*, — U.S. ——, 111 S.Ct. 2546, 2564–66, 115 L.Ed.2d 640 (1991).

■ Additionally, both of DeFusco's arguments that he was improperly coerced into his plea are without merit. It does not appear that DeFusco's plea was conditioned upon leniency for his wife, although it is possible that his plea helped her get a more favorable deal. However, even if the prosecution had expressly agreed to lighten the burden on Mrs. DeFusco as part of her husband's plea agreement, DeFusco's plea would still be voluntary. In *LoConte v. Dugger, supra,* the defendant was informed by police that his wife had been arrested on a first degree murder charge, and that if he pled guilty in this case, the charges against his wife would be dropped. The Court of Appeals found that "[t]he decision to enter a plea of guilty in order to protect his wife from the prosecution does not mandate the conclusion that the plea was involuntary." 847 F.2d at 752. In that instance, officials confirmed the existence of such a promise by the police, and the court found such a promise to be a legitimate bargaining tool in the plea process. *Id.*

■ DeFusco also argues that the promises made with regard to prosecution in other jurisdictions coerced him into pleading guilty. Those promises, however, were fully disclosed as part of the plea bargaining process, as evidenced in the plea agreement itself. The fact that DeFusco could gain an advantage with respect to other prosecutions does not invalidate his plea; such bargaining is a part of the plea process. A plea agreement by its very nature is a bargain in which the defendant properly obtains some consideration for his agreement to plead guilty. In most, if not all, cases the defendant chooses to

plead guilty because of the consideration he will receive for his agreement. Plea agreements are consistent with requirements of voluntariness because each side obtains advantages when the guilty plea is exchanged for government concessions. *Mabry v. Johnson,* 467 U.S. 504, 508, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984). "A guilty plea is valid so long as it 'represents a voluntary and intelligent choice among alternative courses of action open to a defendant.'" *United States v. Read,* 778 F.2d 1437, 1440 (9th Cir.1985) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)), *cert. denied,* 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986).

In sum, as the district court properly found, DeFusco's plea was voluntary.

### III.

Rule 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed.R.Crim.P. 11(f). Thus, the Rule ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime. *United States v. Fountain,* 777 F.2d 351, 355 (7th Cir.1985), *cert. denied,* 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986). DeFusco argues that statements which he made during the colloquy prove that no factual basis existed for the plea, and that the trial court erred by not ensuring that a factual basis existed for the plea.

Rule 11 does not require the judge to establish *through colloquy* that a factual basis exists for the plea. The court may conclude that a factual basis exists from anything that appears on the record. *Lumpkins,* 845 F.2d at 1450. Indeed, the trial court has wide discretion when determining whether a factual basis exists. *See United States v. Pinto,* 838 F.2d 1566, 1569 (11th Cir.1988) (court had discretion to deny motion to withdraw plea where facts in indictment were precise enough to satisfy judge of factual basis for defendant's guilty plea).

In this instance, DeFusco provided the court with a signed statement of facts which he admitted on the record was an accurate representation of what happened. The statement of facts, as well as the plea agreement, sets forth each element of the offense and the facts to support each of the two counts to which DeFusco pled guilty. DeFusco argues in particular that he never admitted to having the necessary criminal intent for money laundering, or the requisite knowledge for concealing his assets in bankruptcy. However, the statement of facts sets forth DeFusco's admission that he did "knowingly, intentionally and fraudulently conceal assets from the Trustee of the Bankruptcy Court ..." and sets forth in detail the facts supporting the charge of money laundering. It is certainly reasonable for the court to find an adequate factual basis from the statement of facts alone. *See United States v. Guichard,* 779 F.2d 1139, 1146 (5th Cir.) (court properly established factual basis when defendant agreed to and signed recitation of events), *cert. denied,* 475 U.S. 1127, 106 S.Ct. 1654, 90 L.Ed.2d 197 (1986).

### IV.

DeFusco's challenge on the basis of ineffective assistance of counsel is improperly raised on direct appeal. The issue was not preserved on the record below, and it would be unfair to adjudicate the issue without any statement from counsel on the record. The issue is more properly raised in a § 2255 habeas motion for collateral relief, where the petitioner will be able to "establish an adequate record for resolution of the question," and counsel will be "afforded adequate opportunity to explain the reasons surrounding the action or inaction to which [petitioner] takes exception." *United States v. Lurz,* 666 F.2d 69, 78 (4th Cir.1981) (holding that ineffective assistance of counsel on direct appeal is premature and better taken under habeas proceedings), *cert. denied,* 459 U.S. 843, 103 S.Ct. 95, 74 L.Ed.2d 87 (1982). Without such a full record before us, "it is impossible to make a reasoned judgment as to

whether or not representation was ineffectual." *Id.*

Accordingly, this court will not now undertake a review of DeFusco's challenge to his conviction based on the alleged ineffective assistance of counsel. *See also DeFusco*, 930 F.2d at 415 (claim of ineffective assistance of counsel cannot be raised on direct appeal where claim not raised before district court). Of course, this court is not now determining whether there would be any merit to DeFusco's contention in this regard.

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.