**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 98-4650

NICK LEE DAVIS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-98-48)

Submitted: April 13, 1999

Decided: May 4, 1999

Before ERVIN, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Harold Watson Gowdy, III, OFFICE
OF THE UNITED STATES ATTORNEY, Greenville, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nick Lee Davis appeals from his conviction and sentence upon his plea of guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C.A. § 841(a)(1) (West 1994 & Supp. 1998). Davis' attorney has filed a brief in accordance with Anders v. California, 389 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but discussing the district court's Fed. R. Crim. P. 11 inquiry and its application of the United States Sentencing Guidelines. Davis was informed of his right to file a pro se supplemental brief, which he failed to file.

Davis does not allege any specific defect in the court's Rule 11 inquiry, and we find none. The court insured that Davis understood the charges against him and the nature of his guilty plea. The court also advised Davis about the potential punishments he faced. Finally, Davis informed the court that he was satisfied with the performance of counsel and that he was knowingly and voluntarily pleading guilty. We therefore find that the district court's inquiry satisfied the requirements of Rule 11. See United States v. DeFusco , 949 F.2d 114, 116-17 (4th Cir. 1991) (discussing standard of review when examining adequacy of Rule 11 colloquy).

Likewise, Davis does not allege any specific error in the district court's calculation of his sentence, and we do not find any. Davis was properly classified as a career offender. See U.S. Sentencing Guidelines Manual, §§ 4B1.1(C), 4B1.2, comment. (n.2). Moreover, this court lacks authority to review correctly calculated sentences falling within the appropriate statutory or guideline range. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990) (holding that the court's imposition of a sentence within the properly calculated guideline range does not state an appealable question under 18 U.S.C.A. § 3742 (West 1994 & Supp. 1998)).

Pursuant to the requirements of Anders, we have reviewed the entire record in this case and find no reversible error. We therefore affirm Davis' conviction and sentence.

2

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

AFFIRMED