**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

THOMAS JERECKI, a/k/a Thomas
Robert Jerecki, a/k/a Tommy
Jerecki,
Defendant-Appellant.

No. 98-4917

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Charles H. Haden II, Chief District Judge.
(CR-98-111)

Submitted: October 21, 1999

Decided: October 29, 1999

Before WIDENER and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Andrew A. Raptis, Charleston, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, Miller A. Bushong, III, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Jerecki pled guilty to conspiracy to possess with intent to distribute and to distribute methamphetamine, <u>see</u> 21 U.S.C. § 846 (1994), and received a career offender sentence of 262 months imprisonment. <u>See U.S. Sentencing Guidelines Manual</u> § 4B1.1 (1998). He appeals his sentence on the ground that he was not informed that he could be sentenced as a career offender before he entered a guilty plea. We affirm.

At the guilty plea hearing, the government advised the district court that it did not intend to file an information pursuant to 21 U.S.C. § 851 (1994) for an enhanced sentence based on prior felony drug convictions. Before accepting Jerecki's guilty plea, the district court informed him that he would be sentenced under the federal sentencing guidelines according to his relevant conduct and his past criminal history. Jerecki indicated that he understood. When the presentence report was prepared, Jerecki was classified as a career offender because he had previously been convicted of a felony drug offense and a crime of violence. Jerecki did not contest his career offender status, and was sentenced to 262 months imprisonment, the bottom of the applicable guideline range. On appeal, Jerecki does not dispute the validity of his guilty plea. However, he requests resentencing without the career offender enhancement.

We have previously held that the district court is not required to inform the defendant what the sentencing guideline range will be before accepting his guilty plea. <u>See United States v. Puckett</u>, 61 F.3d 1092, 1099 (4th Cir. 1995); <u>United States v. Good</u>, 25 F.3d 218, 219 (4th Cir. 1994); <u>United States v. DeFusco</u>, 949 F.2d 114, 119 (4th Cir. 1991). Certain factors which may affect the guideline range, such as the defendant's criminal history, often are not fully disclosed until after preparation of the presentence report. Therefore, we discern no basis for resentencing in this case.

2

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3