UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                          No. 00-4235

PHILLIP ANTHONY DAYE,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-216)

Submitted: October 20, 2000

Decided: November 6, 2000

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Phillip Anthony Daye appeals his conviction and sentence, entered upon a written plea agreement, of making false and fictitious statements on ATF Form 4473, in violation of 18 U.S.C.A. §§ 922(a)(6), 924(a)(2) (West Supp. 2000), and possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 2000). Daye claims that the district court erred in entering judgment at the high end of a properly calculated guideline range which does not exceed twenty-four months, and that his attorney was ineffective because he labored under a conflict of interest.

Daye's first contention on appeal is that the district court erred in imposing a twenty-seven month sentence because a twenty-one month sentence would have accomplished the drug treatment desired by the court. Appellate review of a sentencing court's discretion in setting a sentence anywhere within a properly calculated sentencing range is precluded, and review of a sentence is limited to those instances where the sentence was imposed either in violation of the law or due to an incorrect application of the sentencing guidelines. 18 U.S.C.A. § 3742(a)(1), (2) (West Supp. 2000); *see United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994). We find that the error of which Daye complains does not fall into either of these categories of reviewable error. There is no contention that the guideline range itself was improperly calculated, nor is the sentence in excess of the statutory maximum or imposed for an illegal reason. In addition, a district court is not required to state a reason for a sentence which is imposed within a properly calculated guideline range, unless the range exceeds twenty-four months, which, in this case, it does not. 18 U.S.C.A. § 3553(c) (West Supp. 2000).

Daye's specific claim that the district court's sentence violates 18 U.S.C.A. § 3553(a) (West Supp. 2000), because twenty-seven months is a greater term of imprisonment than is necessary to accomplish the trial court's goal of providing Daye with substance abuse counseling is without merit. Unless some contrary indication exists, this court presumes in non-departure cases that a district court properly considered the pertinent statutory factors. *See generally*, *United States v.*

*Johnson*, 138 F.3d 115, 119 (4th Cir. 1998) (as to § 3584(b) factors). Daye's attorney stated his § 3553(a) objection to the twenty-seven month sentence to the district court at the time of sentencing. This fact further supports application of the presumption, and there is no contrary indication evident on this record.

Daye's second and final claim on appeal is that the district court erred in finding that there was no conflict of interest at sentencing where his attorney, in an unrelated matter, also represented an employee of the pawn shop at which Daye gave false information in the attempt to buy the firearm at issue. A claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2000) in the district court, and not on direct appeal, unless it "conclusively appears" from the record that the defense counsel did not provide effective representation. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997); *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). We find that it does not conclusively appear from the face of the record that Daye's defense counsel failed to provide effective representation sufficient for this claim to be cognizable on direct appeal.

We affirm Daye's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*