**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 00-4180

MARVIN ANTOINE PRATT,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-99-119)

Submitted: January 31, 2001

Decided: February 16, 2001

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Christopher C. Fialko, RUDOLF, MAHER, WIDENHOUSE &
FIALKO, Charlotte, North Carolina, for Appellant. Brian Lee Whis-
ler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte,
North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marvin Antoine Pratt appeals the district court's imposition of a 156-month sentence imposed pursuant to Pratt's guilty plea to four counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (1994), and three counts of bank larceny, in violation of 18 U.S.C.A. § 2113(b) (West 2000). Pratt's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues. Pratt filed a pro se supplemental brief raising one additional issue.

First, Pratt asserts the district court improperly counted Pratt's 1990 conviction for misdemeanor assault as a prior felony for sentencing purposes, which resulted the district court's determination that Pratt was a career offender. This argument is without merit. This Court has upheld the methodology used by the district court. *United States v. Johnson*, 114 F.3d 435, 444-45 (4th Cir. 1997).

Second, Pratt asserts the district court should have granted his motion for downward departure on the grounds that his criminal history overstated his criminal conduct. This argument is without merit. The district court was aware of its authority to depart, but chose not to grant Pratt's motion. Consequently, this issue is not appealable. *United States v. Burgos*, 94 F.3d 849, 876 (4th Cir. 1996) (en banc).

Third, Pratt asserts his due process rights have been violated since he was not informed by the court that his criminal history would be used to determine his sentence. This argument is without merit. This Court has held that a district court need not inform a defendant of the specific factors that will determine his sentence. *United States v. Good*, 25 F.3d 218, 222-23 (4th Cir. 1994); *see also United States v. DeFusco*, 930 F.2d 413, 415 (5th Cir. 1991).

In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. We therefore affirm Pratt's conviction and sentence. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

*AFFIRMED*