UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 02-4716

OMAR GREGGS, a/k/a Leon Griffin,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, District Judge.
(CR-02-26)

Submitted: February 26, 2003

Decided: March 17, 2003

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Omar Greggs appeals his conviction and sentence for aiding and abetting the distribution of more than fifty grams of cocaine base. On appeal, Greggs argued that the district court erred in refusing to accept his guilty plea, denying his motion for acquittal, and refusing to grant a sentence reduction for acceptance of responsibility under *U.S. Sentencing Guidelines Manual* § 3E1.1 (2002). Finding no error, we affirm.

Although Greggs had a right to plead guilty, the district court did not have to accept his guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 38 n.11 (1970) ("A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court."). Furthermore, the district court may "reject a plea in [the] exercise of sound judicial discretion." *Santobello v. New York*, 404 U.S. 257, 262 (1971). This court will overturn a district court's application of its discretion if the court's decision, "considering the law and the facts, was arbitrary or capricious." *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995). This court cannot substitute its judgment for the district court's judgment. *Id.*

Here, the district court rejected Greggs' guilty plea because it was not satisfied that a factual basis existed for the plea. Under Rule 11(f), "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed. R. Crim. P. 11(f). The court must ensure "'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.'" *McCarthy v. United States*, 394 U.S. 459, 467 (1969) (citing Advisory Committee Notes for Rule 11). In essence, Rule 11(f) "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991). We conclude that the court did not abuse its wide discretion in determining whether a factual basis existed for the plea.

Greggs next argues that the district court should have granted his post-trial motion for judgment of acquittal because Jermaine Caldwell's testimony contained inconsistencies, and was not substantiated by other witnesses. This court reviews the denial of a motion for judgment of acquittal for whether, when viewed most favorably to the Government, there is sufficient evidence to sustain a conviction on the charge in question. *United States v. Butler*, 211 F.3d 826, 829 (4th Cir. 2000); *United States v. Darby*, 37 F.3d 1059, 1062 (4th Cir. 1994); *see also Glasser v. United States*, 315 U.S. 60, 80 (1942) ("It is not for us to weigh the evidence or determine the credibility of witnesses. The verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.").

We conclude that, taking into consideration that the credibility of witnesses at trial may not be reviewed on appeal, the evidence was sufficient to sustain a conviction for aiding and abetting. Caldwell's testimony at trial established that Greggs intentionally provided Caldwell with the cocaine base used in the sale. The Government proved that Caldwell sold approximately 76.5 grams of cocaine base to confidential informant Gill. The Government also demonstrated through the testimony of Johnson and Caldwell that Greggs arranged the transportation for Caldwell's trip from Ohio to Beckley. We therefore find no error in the district court's decision denying the motion for judgment of acquittal.

Finally, Greggs contends that the district court erred in refusing to grant him a sentence reduction for acceptance of responsibility under USSG § 3E1.1. The district court's determination that the defendant has not accepted responsibility for his criminal conduct is a factual finding reviewed for clear error. *See United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999). Because the sentencing court "is in a unique position to evaluate a defendant's acceptance of responsibility," the guidelines specifically provide that the court's determination "is entitled to great deference on review." USSG § 3E1.1, comment. (n.5).

One factor the court must consider is whether the defendant "truthfully admit(s) the conduct comprising the offenses of conviction." USSG § 3E1.1, (n.1(a)). The Application Notes further state that "this adjustment is not intended to apply to a defendant who puts the gov-

ernment to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." § 3E1.1, comment. (n.2).

We conclude that because Greggs would not admit the conduct that made up the elements of the offense at the guilty plea hearing and therefore required the court to order a trial and the Government to prove its case at trial, that the district court did not clearly err in refusing to grant a reduction for acceptance of responsibility.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*