# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

TAKI MICARIO WASHINGTON, a/k/a
Joey Williams,
        *Defendant-Appellant.*

No. 03-7386

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-00-318; CA-03-686-AM)

Submitted: February 25, 2004

Decided: April 6, 2004

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

### COUNSEL

Taki Micario Washington, Appellant Pro Se. Eugene Joseph Rossi,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Taki Micario Washington seeks to appeal the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In his § 2255 motion, Washington asserts several instances of ineffective assistance of counsel. Although we agree with the district court that Washington's claims ultimately fail on the merits, we wish to clarify any confusion caused by stray language in the district court opinion suggesting an apparent procedural ruling that "all claims at issue are procedurally defaulted because Washington could have raised them on direct appeal, but did not." Dist. Ct. Slip Op. at 2. Ineffective assistance claims generally cannot be addressed on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). Indeed, despite the stray language quoted above, the district court ultimately correctly recognized that there was no procedural bar to Washington's assertion of an ineffective assistance of counsel claim on collateral review. *See* Dist. Ct. Slip Op. at 5 (stating "where the error claimed is ineffective assistance of counsel, the *Frady* cause and prejudice standard does not apply because the issue is one that is properly raised on collateral review") (citing *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991)). Thus, procedural default does not apply here because the claims raised are ineffective assistance of counsel. *DeFusco*, 949 F.2d at 120.

Having independently reviewed the record, we conclude that Washington has not made the requisite showing on his ineffective

assistance claims to warrant a certificate of appealability. Accordingly, we deny Washington's motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*