**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4801**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

RICHARD LYNN WILLIAMS,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (CR-01-12)

_____

Submitted:  June 17, 2005              Decided:  July 8, 2005

_____

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

M. Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Richard Lynn Williams appeals his conviction and sentence for conspiracy to manufacture over 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841, 846, 851 (2000), possession with intent to distribute over fifty grams of methamphetamine in violation of 21 U.S.C. §§ 841, 851, and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (2000). We affirm.

Williams argues his guilty plea was not knowing and voluntary as to the firearm count because the district court did not adequately explain that the firearm must have been used or carried in relation to a drug trafficking crime. He also contends the firearm count was not adequately supported by a factual basis. Because Williams did not seek to withdraw his guilty plea in the district court, we review these issues for plain error. See United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002).

Before accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered. Id. at 530. A judge has wide discretion in deciding how to ensure the defendant's understanding. Id. We have reviewed the record and conclude the district court did not contravene Fed. R. Crim. P. 11(b) in explaining the firearm charge to Williams.

Before entering judgment on a guilty plea, the court must also determine that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). This "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United States v. Defusco, 949 F.2d 114, 120 (4th Cir. 1991). The court "may conclude that a factual basis exists from anything that appears on the record." Id. Our review of the record reveals that the district court did not unreasonably determine that there was a sufficient factual basis for the charge. We therefore affirm Williams's conviction.

Williams next challenges his sentence, asserting it violates the rule announced in United States v. Booker, 125 S. Ct. 738 (2005). We conclude, however, that because Williams was sentenced to the statutory minimums for two counts of conviction, and received a concurrent sentence on the third count that did not exceed the sentence to which it was tied, Williams can show no prejudicial error. See United States v. Ellis, 326 F.3d 593, 599-600 (4th Cir.), cert. denied, 540 U.S. 907 (2003). Accordingly, we affirm Williams's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED