**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4053

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARIO ALBERTO REYES, a/k/a Alberto Garcia,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (3:04-cr-00161-1)

Submitted: October 18, 2006          Decided: November 28, 2006

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Keith Michael Cave, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mario Alberto Reyes pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C.A. §§ 846, 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2006); and one count of using and carrying a firearm during and in relation to a drug trafficking crime and possessing the firearm in furtherance of the drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West Supp. 2006) (Count Four). Reyes's prior criminal record qualified him for an enhanced sentence as a career offender. The district court sentenced Reyes to 200 months of imprisonment on the drug conspiracy, and a consecutive sixty-month term on the firearm count. On appeal, counsel for Reyes filed an <u>Anders</u> brief, in which he states there are no meritorious issues for appeal, but questions whether the district court had jurisdiction to accept Reyes's guilty plea and impose sentence, whether the district court erred in accepting Reyes's guilty plea without ensuring it was knowing and voluntary, and whether the district court erred in imposing a sentence of 200 months on Count One. In a pro se supplemental brief, Reyes asserts that the Government breached the plea agreement. We affirm.

Because none of the arguments raised on appeal were presented to the district court, we review only for plain error. In order to correct error not asserted in the district court, Reyes

- 2 -

must establish "that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). Correction of plain error established by the appellant remains, however, in the court's discretion, which should only be exercised if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quoting United States v. Young, 470 U.S. 1, 15 (1985)).

Counsel suggests that the district court lacked jurisdiction. In the discussion of this issue, however, counsel argues that the factual basis was insufficient to demonstrate that Reyes was involved in a drug conspiracy. Because the indictment in this case properly alleged offenses against the laws of the United States, the district court had jurisdiction over Reyes and the charged crimes. See generally United States v. Cotton, 535 U.S. 625, 629-31 (2002) (discussing criminal jurisdiction of district courts). Moreover, our review of the record leads us to conclude that the district court correctly found that a sufficient factual basis existed to support Reyes's guilty plea.

Counsel next suggests that the district court accepted Reyes's plea without ensuring it was knowing and voluntary. Reyes did not move in the district court to withdraw his guilty plea; therefore, this court reviews his challenge to the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. See United States v.

Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his plea. The court must also determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Counsel does not specify any deficiencies in the magistrate judge's Rule 11 inquiry, and our review of the plea hearing transcript reveals that the magistrate judge conducted a thorough Rule 11 colloquy that assured Reyes's plea was made both knowingly and voluntarily.

Counsel's final assertion is that the district court erred in sentencing Reyes to 200 months of imprisonment on the drug conspiracy count in light of the dismissal of the indictment against one co-defendant and the thirty-seven month sentence imposed on the other co-defendant, and the fact that Reyes was the only suspect who cooperated with authorities and admitted his involvement in the conspiracy. The statutory sentencing factors that a district court must consider in selecting a sentence include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.A. § 3553(a)(6) (West 2000 & Supp. 2006). This court has held that a disparity in the length of

- 4 -

sentences received by co-defendants is not a permissible ground for a departure from the Guideline range, absent prosecutorial misconduct such as manipulating Guideline factors. United States v. Withers, 100 F.3d 1142, 1149 (4th Cir. 1996). Reyes does not allege that any sentencing manipulation by the Government created a sentencing disparity. In this case, Reyes and his co-defendant were not similarly situated, and the disparity in their sentences resulted from Reyes's extensive criminal record and his guilty plea to the firearm charge. We conclude that Reyes's sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We have also considered the arguments asserted in Reyes's pro se supplemental brief and find them to be without merit. We therefore affirm Reyes's conviction and sentence. This court requires that counsel inform Reyes, in writing, of the right to petition the Supreme Court of the United States for further review. If Reyes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Reyes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.