**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4722**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

SIXTOS ALONSO GARCIA, a/k/a Sixtos Alonso Vega, a/k/a Jose
Almasan Cornejo, a/k/a Buddy,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:06-cr-00241-NCT-1)

Submitted:  August 25, 2010          Decided:  September 10, 2010

Before KING, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, Jr., GRAY, JOHNSON, BLACKMON, LEE & LAWSON,
LLP, Greensboro, North Carolina, for Appellant.   Anna Mills
Wagoner, United States Attorney, Sandra J. Hairston, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sixtos Alonso Garcia appeals his conviction and 160-month sentence following his guilty plea pursuant to a written plea agreement to conspiracy to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, Garcia asserts that the district court's statement during the Fed. R. Crim. P. 11 hearing that the maximum penalty that the court could impose was not less than ten years and not more than life imprisonment caused ambiguity as to whether the sentencing court had discretion to impose a sentence less than ten years of imprisonment. Garcia contends counsel rendered ineffective assistance by failing to clarify that he faced a mandatory minimum sentence of ten years of imprisonment.

We may address on direct appeal a claim that counsel was ineffective only if the ineffectiveness appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). To establish a violation of the Sixth Amendment due to ineffective assistance of counsel, Garcia must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness"; and

(2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

We have carefully reviewed the record and conclude that it does not conclusively demonstrate that Garcia's trial counsel provided ineffective assistance. Accordingly, we decline to consider on direct appeal the sole issue Garcia has presented for review. We therefore affirm Garcia's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED