# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4543

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

  v.

DARIUS KEYON BENSON,

   Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Donald C. Coggins, Jr., District Judge. (7:18-cr-00036-DCC-1)

Submitted: April 25, 2022         Decided: May 13, 2022

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant. Corey F. Ellis, United States Attorney, Columbia, South Carolina, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Keyon Benson appeals his conviction and 180-month sentence imposed following his guilty plea to one count of possessing a firearm after having been convicted of a felony and a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(1), (g)(9), and 924(a)(2), (e). Benson argues that: (1) his guilty plea was not knowing and voluntary because the district court failed to inform him of the potential sentence he faced, and (2) the district court erroneously sentenced him as an armed career criminal because the charging documents for his prior offenses listed them as non-violent crimes. Finding no error, we affirm.

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Because Benson did not move to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). "To succeed under plain error review, a defendant must

2

show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *Id.* In the plea context, a defendant establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted). If Benson makes this showing, we "retain the discretion to correct [the] error but will do so only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Lockhart*, 947 F.3d at 191 (internal quotation marks omitted).

We have reviewed the transcript of Benson's Fed. R. Crim. P. 11 hearing. The district court complied with Rule 11 in all but one respect—the United States Attorney (and not the court) informed Benson that the maximum term of imprisonment is 10 years' imprisonment, unless he had three prior convictions of a violent felony or serious drug offense, in which case he would face a mandatory minimum term of imprisonment of 15 years and maximum term of life. The district court then reviewed these terms with Benson, specifically confirming that Benson understood. On these facts, we find no plain error.

Benson next argues that the district court erroneously sentenced him as an armed career criminal because his three prior convictions for criminal domestic violence-3rd offense, S.C. Code Ann. § 16-25-20(D), do not qualify as violent felonies. Benson's argument is foreclosed by our decision in *United States v. Drummond*, 925 F.3d 681, 691 (4th Cir. 2019) (holding that South Carolina state court convictions of criminal domestic violence are categorically violent felonies).

We therefore affirm Benson's conviction and sentence.  We deny Benson's pro se motions to supplement the appeal.  *See United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018) ("[A]n appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal.").  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*