**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RAFAEL RAMIREZ-MAJARRO, a/k/a
Rafael Ramirez,
          *Defendant-Appellant.*

No. 02-4027

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-00-83-V)

Submitted: September 5, 2002

Decided: September 12, 2002

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Danielle Bess Obiroah, MASON-WATSON, OBIORAH & SINGLE-
TARY, P.C., Charlotte, North Carolina, for Appellant. Robert J. Con-
rad, Jr., United States Attorney, Keith M. Cave, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Rafael Ramirez-Majarro appeals his conviction on a guilty plea on a charge of conspiracy to possess with the intent to distribute a quantity of marijuana, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). The district court accepted Ramirez-Majarro's plea following an extensive plea colloquy pursuant to Fed. R. Crim. P. 11, and ultimately sentenced Ramirez-Majarro to eighty-seven months' imprisonment, five years of supervised release, and a $100 special assessment. Ramirez-Majarro now seeks to withdraw his guilty plea, claiming ineffective assistance of counsel based on his attorney's alleged failure to accurately determine his sentence before he entered into the plea agreement.* For the reasons stated below, we affirm Ramirez-Majarro's conviction and sentence.

As part of his written plea agreement, Ramirez-Majarro expressly waived his right to appeal his sentence. While the waiver did not apply to claims of ineffective assistance of counsel, such claims should be raised by motion under 28 U.S.C. § 2255 (2000), in the district court, and not on direct appeal, unless it "conclusively appears" from the record that the defense counsel did not provide effective representation. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). We find that it does not conclusively appear from the face of

---

*Specifically, while the terms of the plea agreement reflected an agreement between Ramirez-Majarro and the government to a recommended sentence of eighty-seven months, which was at the low end of the guideline range into which he anticipated being placed, he was found eligible for a safety valve reduction by the United States Probation office which calculated Ramirez-Majarro's guideline range to be seventy to eighty-seven months. Hence, while he agreed to the eighty-seven month sentence which ultimately was given him, he alleges he thought he was agreeing to a sentence at the low end of the applicable guideline range, not the high end.

the record that Ramirez-Majarro's defense counsel failed to provide effective representation sufficient for this claim to be cognizable on direct appeal, given the terms of the plea agreement, as well as Ramirez-Majarro's responses to the district court during his Fed. R. Crim. P. 11 plea colloquy.

Accordingly, we affirm Ramirez-Majarro's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*