**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4827

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO CAZAREZ CASTILLO,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-04-112)

Submitted: January 25, 2006          Decided: March 6, 2006

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank L. Eppes, EPPES & PLUMBLEE, P.A., Greenville, South Carolina, for Appellant. Jonathan S. Gasser, United States Attorney, Regan A. Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following his guilty plea to drug and firearm charges, Francisco Cazarez Castillo was sentenced to 235 months imprisonment. He appeals his sentence, asserting that it was enhanced based on testimony he gave without the assistance of counsel, and therefore in violation of his Sixth Amendment right to counsel. We affirm.

After the court accepted Castillo's plea, a presentence report was prepared, determining that Castillo's sentencing range was 87 to 108 months in prison. Against the advice of counsel, Castillo then testified for the defense in the trial of Noe Laureano, Castillo's codefendant and brother. During that testimony, Castillo denied his culpability in the drug transaction that occurred on the day that he and his codefendants were arrested. As a result of this testimony, the presentence report was revised to enhance his sentencing range based on obstruction of justice and to remove the reduction for acceptance of responsibility that had been originally recommended. Castillo's sentencing range increased to 187 to 235 months. The district court, after hearing argument by counsel and testimony from Castillo, adopted the revisions to the presentence report and sentenced Castillo to 235 months.

On appeal, Castillo concedes that there is no authority concerning the right to counsel during a defendant's testimony in

another defendant's trial, but asserts that his sentence is the result of the denial of the assistance of counsel during his testimony at Laureano's trial.

Claims of ineffective assistance of counsel generally will not be addressed on direct appeal unless such ineffectiveness conclusively appears on the record.  <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999); <u>United States v. DeFusco</u>, 949 F.2d 114, 120 (4th Cir. 1991).  We find no conclusive evidence of ineffectiveness of counsel on the record before us, and therefore decline to address this issue in the first instance.  Accordingly, we affirm Castillo's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>