**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4266**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAQUAN LOVELY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., District Judge.  (8:07-cr-00945-GRA-1)

Submitted:  December 31, 2008          Decided:  January 28, 2009

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, David C. Stephens, Carrie A. Fisher, Assistant United States Attorneys, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaquan Lovely pleaded guilty to conspiracy to possess and transfer with intent to use unlawfully five or more identification documents other than those lawfully issued to the members of the conspiracy, in violation of 18 U.S.C. § 1028(a)(3), (f) (2006) (Count Two), and conspiracy to possess unlawfully a means of identification of another person, in violation of 18 U.S.C. § 1028A(a)(1) (2006) (Count Three). The district court sentenced Lovely to a total term of forty-five months of imprisonment, and Lovely timely appealed. We affirm.

On appeal, Lovely argues that his guilty plea should be vacated because there was not an adequate factual basis to support the plea in light of his comments at the plea hearing and the statement of a co-defendant at sentencing. He also asserts that the court violated his constitutional rights by accepting the guilty pleas of nine defendants in the same hearing, which created confusion and unfair prejudice. Lovely has also filed a pro se motion to file a supplemental brief and the proposed brief. The Government responds, arguing that an adequate factual basis was established and the plea hearing was properly conducted.

Lovely did not object to the court's acceptance of his plea, or seek to withdraw his plea in the district court. This court therefore reviews his arguments under the plain error

2

standard.  United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007).  To succeed on this claim, Lovely must demonstrate: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 732-34 (1993).  Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. at 736 (internal quotation marks omitted).

Prior to "entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."  Fed. R. Crim. P. 11(b)(3).  This "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime."  United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).  There is no error in the acceptance of a plea "so long as the district court could reasonably determine that there was a sufficient factual basis."  United States v. Martinez, 277 F.3d 517, 531 (4th Cir. 2002).  The factual basis may be supported by anything in the record.  DeFusco, 949 F.2d at 120. Our review of the record convinces us that the district court did not err in concluding that an adequate factual basis was established to support Lovely's plea.

3

Lovely also argues that the district court violated his rights by holding a plea hearing for nine defendants simultaneously. He asserts that this multi-defendant format created confusion, prevented the district court from assuring that he was entering a knowing and voluntary plea, and prevented him from clarifying that he did not intend to plead guilty to Counts Two and Three, but to Count One, as well as preventing him from explaining his lack of intent. As with his first argument, Lovely did not assert an objection or seek to withdraw his plea in the district court. Thus, this claim is reviewed under the plain error standard. Lovely provides no Fourth Circuit authority in support of his argument, which we conclude is squarely contradicted by the record. The district court conducted a thorough Rule 11 colloquy that ensured that Lovely's plea was knowing and voluntary.

We grant Lovely's motion to file a pro se supplemental brief. We have considered the arguments asserted in that brief and find them to be without merit. Accordingly, we affirm Lovely's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED