**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4300**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

     v.

MICHAEL CASSANOVA DYSON,

                 Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:09-cr-00021-FPS-JES-6)

Submitted: November 4, 2010     Decided: November 23, 2010

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, Fairmont, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Cassanova Dyson appeals his conviction and 262-month sentence following conviction by a jury of distribution of cocaine base in or near a protected location. On appeal, Dyson asserts that trial counsel rendered ineffective assistance by failing to explain the terms of two plea agreements offered by the government. Dyson claims that, had the terms been properly explained, he would have accepted a plea agreement rather than proceeding to trial.

We may address on direct appeal a claim that counsel was ineffective only if the ineffectiveness appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). To establish a violation of the Sixth Amendment due to ineffective assistance of counsel, Dyson must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

We have carefully reviewed the record and conclude that it does not conclusively demonstrate that Dyson's trial counsel provided ineffective assistance. Accordingly, we decline to consider on direct appeal the sole issue Dyson has presented for review. We therefore affirm the district court's

judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED