**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4535**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JERAIL MELIK NETCLIFF,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge.  (8:19-cr-00201-PJM-1; 8:14-cr-00425-PJM)

Submitted:  June 18, 2020                     Decided:  June 22, 2020

Before FLOYD, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Arthur Robbins, CHESAPEAKE MERIDIAN, Annapolis, Maryland, for Appellant. Robert K. Hur, United States Attorney, Brandon K. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerail Melik Netcliff appeals his 120-month total sentence imposed following his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2018), and a violation of the terms of his supervised release in a related proceeding. On appeal, Netcliff argues that his guilty plea was not knowing and voluntary because the district court imposed a revocation sentence above the sentencing range explained to Netcliff during the plea colloquy. We affirm.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2)-(3); *DeFusco*, 949 F.2d at 119-20.

Because Netcliff did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Netcliff] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. In the guilty plea context, a defendant establishes that an error affected his substantial rights if he

2

demonstrates a reasonable probability that he would not have pleaded guilty but for the error. *Id.*

During the plea colloquy, Netcliff affirmed that he read and understood the plea agreement and discussed its terms with counsel. The Government reviewed the terms of the plea agreement, noted that Netcliff was facing an advisory policy statement range of 37 to 46 months' imprisonment with respect to the revocation sentence, and explained that this range was based on a Grade A supervised release violation and a criminal history category of IV. Later in the hearing, the district court twice misstated that sentencing range, informing Netcliff that he was subject to 27 to 33 months' imprisonment in connection with the supervised release violation. Neither the Government nor Netcliff objected to those statements. Netcliff also did not object when the district court relied on the correct range at sentencing. Based on our review of the record, "[e]ven if some confusion existed, [Netcliff] hasn't established prejudice," as he does not show that, but for the district court's error, he would not have pleaded guilty. *United States v. McCoy*, 895 F.3d 358, 363 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). The district court did not plainly err in accepting Netcliff's guilty plea, which was knowing and voluntary, and we therefore affirm the district court's judgments.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3