**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4931

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHEKU DEEN YANSANE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:17-cr-00435-TDC-1)

Submitted: September 23, 2020                  Decided: October 7, 2020

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven M. Klepper, Emily R. Greene, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Kelly O. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sheku Deen Yansane appeals from his convictions, entered pursuant to his guilty plea, to possession with intent to distribute marijuana and felon in possession of a firearm. On appeal, Yansane contends that the district court erred in failing to *sua sponte* order a competency hearing. He also asserts that his plea was not knowing and voluntary. We affirm.

A district court's failure to *sua sponte* order a competency hearing is reviewed for abuse of discretion. *United States v. Torrez*, 869 F.3d 291, 321 (4th Cir. 2017). "District courts are in the best position to make competency determinations," *United States v. Bernard*, 708 F.3d 583, 593 (4th Cir. 2013), for they alone may assess a defendant's demeanor in evaluating his "capacity to understand the proceedings and to assist counsel," *see Godinez v. Moran*, 509 U.S. 389, 402 (1993).

The district court must *sua sponte* order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "Whether 'reasonable cause' exists is a question left to the sound discretion of the district court." *Bernard*, 708 F.3d at 592. "Reasonable cause may be established through evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." *Id.* at 592-93 (internal quotation marks omitted). The mere presence of mental illness is not, however, "equated with incompetence." *Id.* at 593 (internal quotation marks omitted). Competency turns on

2

"whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Id.* (internal quotation marks omitted).

We conclude that the district court did not err. While Yansane expressed confusion at various points in his proceedings, it does not appear that Yansane acted irrationally at any point. At his hearing to proceed pro se, Yansane informed the district court that he had been treated for mental illness and was taking several medications, but upon further inquiry, he testified that neither his medications nor his mental conditions interfered with his understanding of the proceedings. Moreover, Yansane was sufficiently cognizant of the proceedings that he disputed the constitutionality of the search, sought discovery, and made many other legal and factual arguments. Additionally, Yansane participated in numerous proceedings and hearings over the course of two years in front of three magistrate judges and one district court judge, and with the assistance of three different attorneys. None of these professionals seriously questioned Yansane's competency or sought a hearing on the question.

While the record clearly shows that Yansane suffered from mental illness, there is nothing in the record showing that such illnesses or his medications affected his competency. Yansane was treated in prison and when he was on pretrial release, and he presents no medical records supporting his claim that he was incapable of consulting with

3

his attorney and understanding the criminal proceedings.[*] Moreover, while Yansane may have been seeking things he was not entitled to under the law, the mere fact that he was making such requests does not show that he was thinking irrationally. *See Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000) ("Likewise, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial."). Instead, the record reflects that Yansane managed to successfully convince the court to replace his attorney twice and to eventually allow him to proceed pro se. Because Yansane has failed to show that his mental health conditions prevented him from understanding the proceedings and participating in his defense, the district court did not abuse its discretion in failing to *sua sponte* order a competency hearing.

Next, Yansane contends that his plea was not voluntary because he was mentally incompetent, he lacked understanding of the legal process, he had not received discovery, and the Government pressured him with additional charges shortly before trial. Before accepting a guilty plea, the trial court must ensure that the defendant's "plea is voluntary, i.e., is not the result of force, threats, or promises made by the government that are not part of the plea agreement." *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991); see Fed. R. Crim. P. 11(b)(2). The decision to plead guilty "must reflect a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United*

---

[*] In addition, Yansane has imputed knowledge of all of his statements in court to the district court judge, even though the district court judge did not preside over most of the hearings.

4

*States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (internal quotation marks omitted). We review the validity of a defendant's guilty plea with reference to the totality of the circumstances. *Id.* A defendant seeking to retract statements made during a Rule 11 colloquy "bears a heavy burden," *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003), because, absent "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established," *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

Yansane affirmed at his plea hearing that his plea was voluntary and free of improper outside influence and that he understood the proceedings. Such declarations "carry a strong presumption of verity." *Id.* at 221 (internal quotation marks omitted). Moreover, for the reasons discussed above, neither Yansane's mental illness nor his confusion regarding parts of the legal process rendered his plea involuntary. Yansane made rational arguments, engaged with counsel and the court, responded appropriately, and appeared oriented and mentally present.

Regarding his issues with discovery, Yansane pled guilty before his motion for discovery could be ruled upon. Moreover, his attorney reviewed discovery with Yansane for numerous hours. Finally, although Yansane wanted to personally obtain the discovery, Yansane was informed repeatedly that he was only permitted to view the discovery with his counsel.

Finally, Yansane's argument regarding the superceding indictment is meritless. Notably, Yansane provides no evidence that the additional charge was without basis in fact or law and cites no legal basis to argue that the indictment was improper. Essentially,

5

Yansane is arguing that the justice system is weighted in favor of the Government. Even if true, this imbalance does not render Yansane's plea involuntary. Accordingly, the district court did not err in concluding that Yansane's plea was knowing and voluntary.

As such, we affirm Yansane's convictions. We deny Yansane's motion to file a supplemental brief. *See, e.g., United States v. Hare*, 820 F.3d 93, 106 n.11 (4th Cir. 2016) (declining to consider pro se brief filed by appellant represented on direct appeal by counsel). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*