**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4381**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIUS HAMILTON WASHINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:18-cr-00258-DCN-2)

Submitted:  April 22, 2021                    Decided:  April 26, 2021

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

David Allen Chaney, Jr., CHANEY LEGAL SERVICES, LLP, Greenville, South Carolina, for Appellant.  Peter M. McCoy, Jr., United States Attorney, Columbia, South Carolina, Nathan S. Williams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julius Hamilton Washington pled guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, and, three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and three counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). He seeks to appeal his 144-month sentence and challenges the district court's application of sentencing enhancements for abduction and reckless flight. The Government requests that we dismiss the appeal as barred by the appellate waiver in Washington's plea agreement.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which the court informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).

Where, as here, the Government seeks to enforce the appeal waiver and Washington has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its

2

terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

The district court conducted a thorough, careful plea hearing and ascertained that Washington discussed the plea agreement with his attorney and that he understood its provisions, and the court specifically confirmed with Washington that he waived the right to appeal his sentence. Upon review of Washington's response to the Government's request that we dismiss the appeal, the plea agreement, and the transcript of the Rule 11 hearing, we conclude that Washington knowingly and voluntarily waived his right to appeal, that his appellate waiver is valid, and that the issues Washington seeks to raise on appeal fall squarely within the scope of his waiver of appellate rights.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*