**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4175

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DYVAE DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Richard E. Myers, II, Chief District Judge.  (2:22-cr-00010-M-RN-1)

Submitted:  December 14, 2023                    Decided:  December 18, 2023

Before GREGORY and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Eric J. Foster, Asheville, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dyvae Davis appeals his conviction following his guilty plea to possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii).  On appeal, Davis argues the district court plainly erred by accepting his guilty plea because the court did not ensure he understood each element of the § 924(c) offense and because his plea to that offense was not supported by an adequate factual basis.  We affirm.

Because Davis did not move to withdraw his plea or otherwise object to the plea hearing in the district court, our review is for plain error.  *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014).  A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences."  *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted).  "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness."  *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (cleaned up).  Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces.  Fed. R. Crim. P. 11(b)(1).  The district court also must ensure there is a factual basis for the plea.  Fed.

2

R. Crim. P. 11(b)(3).  Any variance from the requirements of Rule 11 "is harmless error if it does not affect substantial rights."  Fed. R. Crim. P. 11(h).

We discern no plain error in the district court's acceptance of Davis' plea.  The district court adequately ensured Davis understood the elements of the offenses to which he had agreed to plead guilty.  *See United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991).  And the Government's factual proffer established a sufficient factual basis for the § 924(c) offense.  *See United States v. Dennis*, 19 F.4th 656, 667-68 (4th Cir. 2021) (discussing factors relevant to determining if firearm furthered drug trafficking crime).

We therefore affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*